IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-cv-00304

| | |
|---|---|
| ATLANTIC COAST PIPELINE, LLC,<br><br>            *Plaintiff*,<br><br>   v.<br><br>0.024 ACRE, MORE OR LESS, IN JOHNSTON COUNTY, NORTH CAROLINA, LOCATED ON PARCEL IDENTIFICATION NO. 15-L-12-017, DESCRIBED IN PROBATE 76E-301, AND BEING THE RESIDUAL OF A LARGER 108 ACRES, MORE OR LESS, CONVEYED IN BOOK 170, PAGE 61,<br><br>   and<br><br>BARBARA ANN LASSITER<br>1504 Laura Duncan Road<br>Apex, NC 27502,<br><br>            *Defendants*. | **COMPLAINT IN CONDEMNATION**<br><br>15 U.S.C. § 717f(h); Fed. R. Civ. P. 71.1 |

**Nature of the Case**

1. Plaintiff Atlantic Coast Pipeline, LLC ("Atlantic"), pursuant to its power of eminent domain as authorized by Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), and Federal Rule of Civil Procedure 71.1, files this action for (i) the taking of certain interests in real property; (ii) if later requested, immediate possession of the easements described herein; and (iii) the ascertainment and award of just compensation to the owners of interest in real property, Barbara Ann Lassiter and any other interested parties (collectively, the "Owner").

**Jurisdiction and Venue**

2. This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), because: (a) Atlantic is the holder of a certificate of public convenience and necessity issued by the Federal Energy Regulatory Commission ("FERC") for the construction of an interstate natural gas pipeline that crosses West Virginia, Virginia, and North Carolina; (b) Atlantic, despite negotiation efforts, has been unable to acquire by contract, or has been unable to agree with the Owner as to the compensation to be paid for, the necessary easements to construct, operate, and maintain a pipeline for the transportation of natural gas; and (c) the amount claimed by the Owner exceeds $3,000.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the interests in the real property that Atlantic seeks to condemn are located within the Eastern District of North Carolina.

**Parties**

4. Atlantic is a Delaware limited liability company with its principal office located at 120 Tredegar Street, Richmond, Virginia 23219. Atlantic is an interstate natural gas company as defined by the Natural Gas Act, 15 U.S.C. § 717a(6), and, as such, is authorized to construct, own, operate, and maintain pipelines for the transportation of natural gas in interstate commerce. Atlantic's transportation of natural gas in interstate commerce is subject to the jurisdiction and approval of FERC.

5. The Owner has an ownership interest in that certain tract of land identified as Parcel Identification No. 15-L-12-017, composed of 20 acres, more or less, located in Johnston County, North Carolina and being more particularly described in Probate 76E-301, of the public records of said County; and being the residual of a larger 108 acres, more or less, conveyed in Book 170,

Page 61 of the public records of said County (the "Property"). The Property is depicted on **Exhibit 1**.

6. There may be other persons who claim an interest in the property to be condemned whose names are currently unknown to Atlantic because they could not be ascertained by a diligent inquiry. These persons will be made parties to this action as permitted by Federal Rule of Civil Procedure 71.1(c)(3).

**Facts**

7. Atlantic is in the process of constructing an approximately 600-mile underground pipeline and related facilities for the purpose of transporting natural gas from West Virginia to Virginia and North Carolina (the "ACP Project").

8. The ACP Project will measure approximately 42 inches in diameter in West Virginia and Virginia, and 36 inches in diameter in North Carolina. Certain extensions of the ACP Project will measure 20 inches in diameter from Northampton County, North Carolina to the City of Chesapeake, Virginia and 16 inches in diameter in Brunswick County, Virginia and Greensville County, Virginia.

9. Natural gas transported by the ACP Project will serve multiple public utilities and is necessary to satisfy the growing energy needs of consumers in Virginia and North Carolina.

10. Atlantic filed an application for a certificate of public convenience and necessity with FERC on September 18, 2015, FERC Docket No. CP15-554-000, in which it sought permission to construct the ACP Project and attendant facilities. On October 13, 2017, FERC issued a certificate of public convenience and necessity (the "FERC Certificate") authorizing Atlantic to construct and operate the ACP Project. A copy of the FERC Certificate is attached as **Exhibit 2**.

11. FERC found that the ACP Project will "primarily serve natural gas demand in Virginia and North Carolina." *See* Ex. 2, at 35, ¶ 79.

12. FERC also found that the "public at large will benefit from increased reliability of natural gas supplies." *See* Ex. 2, at 35, ¶ 79.

13. As a result, the ACP Project "serves a 'public use'" as determined by FERC. *See* Ex. 2, at 34, ¶ 79.

14. Atlantic must begin construction of the ACP Project as soon as possible to ensure completion within FERC's deadline. *See* Ex. 2.

15. The FERC-approved route of the ACP Project crosses the Property. A map depicting the route of the ACP Project is attached as **Exhibit 3**.

16. Atlantic seeks to construct a portion of the ACP Project on the Property. The ACP Project cannot be constructed until Atlantic acquires certain temporary easements (the "Temporary Easements" or "Easements") on the Property. The Easements are necessary for constructing, maintaining, operating, altering, testing, replacing, and repairing the ACP Project.

17. A plat depicting the size and nature of the Easements and the ACP Project's route across the Property is attached hereto as **Exhibit 4**.

18. The Temporary Easements will enable Atlantic to construct the ACP Project and engage in restoration or clean-up activities. The Temporary Easements are requested as of the date of authorized entry onto the Property and their use is required until all work, including restoration, is complete. The Temporary Easements will be effective and condemned for a period not to exceed five (5) years following Atlantic's possession of the Easements.

19. Atlantic also seeks to acquire the right of ingress and egress to and from and through the Easements; the right to transport pipe, vehicles, machinery, persons, equipment, or other

materials to and from and through the Easements, and the right of access through any existing roads on the Property.

20. Atlantic also seeks the right to fell trees and clear brush or other vegetation as necessary or convenient for the safe and efficient construction, operation, or maintenance of the ACP Project or to maintain safe and efficient access to and from the ACP Project.

21. The Owner shall retain the right to use the Property in any manner that will not interfere with the use and enjoyment of Atlantic's rights under the Easements.

22. Atlantic has negotiated with the Owner and has made several efforts to acquire the Easements by contract.

23. Atlantic began negotiating with the Owner in November 2015. Specifically, on November 15, 2015, an agent of Atlantic (the "First Agent") spoke with the Owner regarding the easement acquisition. The Owner told the First Agent that her son, Steve Lassiter, would be involved in the negotiations.

24. On November 17, 2015 and January 7, 2016, the First Agent spoke with Steve Lassiter regarding the pipeline easements and negotiated with him without success.

25. Between May and August of 2016, the First Agent attempted to reach Steve Lassiter by telephone on multiple occasions to continue negotiations.

26. On December 1, 2016 and December 3, 2016, another agent of Atlantic ("Second Agent") met with the Owner to continue negotiations. The Owner directed the Second Agent to speak with her son.

27. Throughout the remainder of December 2016 and through April 2017, the Second Agent attempted to speak with the Owner and her son.

28.     Throughout 2017, the Second Agent and the Owner were in frequent contact, discussing the easement acquisition on the telephone and in person. On April 17, 2017, April 21, 2017, August 19, 2017, August 25, 2017, October 5, 2017, October 25, 2017, November 13, 2017, December 8, 2017, and December 19, 2017, the Second Agent met with the Owner in person. The Owner and the Second Agent exchanged offers and counteroffers during these meetings, but were unable to come to an agreement.

29.     The Second Agent continued negotiations with the Owner throughout the beginning of 2018 by telephone. The Second Agent met with the Owner on May 8, 2018, May 15, 2018, and May 22, 2018 in person to continue to negotiate the easements.

30.     During the May 22, 2018 meeting, the Second Agent gave the Owner a copy of the plat attached hereto as **Exhibit 4** and explained the differences in the new plat compared to prior versions.

31.     On June 1, 2018, the Second Agent attempted a follow-up in-person meeting at the Owner's residence, but no one answered the door.

32.     On June 6, 2018, Atlantic sent the Owner a Final Offer Letter along with a copy of the plat attached hereto as **Exhibit 4**. The Second Agent also called the Owner to let her know about the Final Offer Letter, but no one answered.

33.     The Second Agent attempted to follow up with the Owner in person on June 9, 2018, June 16, 2018, and June 21, 2018 to no avail.

34.     The Second Agent also tried to contact the Owner by telephone on June 13, 2018, June 16, 2018, and June 18, 2018 to no avail.

35.     To date, Atlantic and the Owners have been unable to agree on the compensation to be paid. The difference between Atlantic's last offer and the Owner's last demand are

substantially and materially different. Thus, despite these negotiations, Atlantic has been unable to acquire the Easements by contract.

36. Pursuant to the authority granted to Atlantic by Congress in Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), Atlantic now seeks to take by eminent domain the Easements over the Property as depicted herein and in **Exhibit 4**.

**WHEREFORE**, Atlantic respectfully requests that this Court:

A. Enter an Order of Judgment of Taking by Eminent Domain as to the Easements as described herein;

B. If later requested, grant Atlantic immediate possession of the Easements in the form of a preliminary injunction prior to the determination of just compensation upon deposit with the Court of a sum of money representing the value of such Easements as determined by Atlantic's appraisal or land rights valuation analysis;

C. Ascertain and award just compensation to the Owner for the taking of the Temporary Easements; and

D. Grant such other relief as may be just and proper.

This the 27th day of June, 2018.

/s/ Henry L. Kitchin, Jr.
Henry L. Kitchin, Jr.
N.C. State Bar No. 23226
MCGUIREWOODS LLP
Post Office Box 599 (28402)
Wilmington, North Carolina 28401
Telephone: (910) 254-3800
Facsimile: (910) 254-3900
Email: hkitchin@mcguirewoods.com

Dhamian A. Blue
N.C. State Bar No. 31405
Blue LLP
205 Fayetteville Street
Raleigh, North Carolina 27601
Telephone: (919) 833-1931
Facsimile: (919) 833-8009
Email: dab@bluellp.com

*Of Counsel:*

John D. Wilburn
Email: jwilburn@mcguirewoods.com
Richard D. Holzheimer, Jr.
Email: rholzheimer@mcguirewoods.com
McGuireWoods LLP
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia 22102
Telephone: (703) 712-5000
Facsimile: (703) 712-5050

*Counsel for Atlantic Coast Pipeline, LLC*